GAIDRY, J.
12Joseph V. Foster, Jr., an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), filed a petition for judicial review, seeking review of his lost property claim. We affirm the judgment dismissing his claim.
FACTS AND PROCEDURAL HISTORY
Foster’s petition for judicial review alleges that when he was transferred by DPSC from Camp J to Camp D, he was forced to place his hobbycraft property in storage. At some point thereafter, Foster received additional hobbycraft property which he purchased prior to the transfer, and that was placed in storage as well. When he eventually received his stored property after being transferred to another prison, Foster alleged that he was missing property valued between $12,000.00 and $16,000.00.
Foster instituted a lost property claim (# PC-2010-1368) and was allegedly offered $2,000.00 in settlement of his claim, but rejected the offer. After exhausting his administrative remedies, he filed this petition for judicial review, seeking full compensation for the lost property, as well as additional compensation of $10,000.00 for inconvenience, litigation, and loss of income from the property, and litigation costs. After screening, the Commissioner recommended that Foster’s petition be dismissed, and thereafter the court rendered judgment dismissing the suit without prejudice. This appeal by Foster followed.
DISCUSSION
Although Foster filed a petition for judicial review in accordance with La. R.S. 15:1177 after exhausting his administrative remedies, the judicial review procedure does not apply to delictual actions for injury or damages. Tort claims must be filed separately as original civil actions. La. R.S. I,.¾15:1177(0. Furthermore, the exclusive venue for delictual actions for *83 injury or damages is the parish where the prison is situated to which the prisoner was assigned when the cause of action arose. La. R.S. 15:1184(F). East Baton Rouge Parish, where Foster filed his petition, was not the parish where Foster was incarcerated when the cause of action arose. When a prisoner files such a suit in an improper venue, the court may raise the exception of improper venue on its own motion and dismiss the suit. La. R.S. 15:1184(B). Therefore the court did not err in dismissing Foster’s petition for judicial review without prejudice.
DECREE
The judgment appealed from is affirmed. Costs of this appeal are assessed to appellant, Joseph V. Foster, Jr.
AFFIRMED.