DRAKE, J.
|2The plaintiffs, inmates with the Louisiana Department of Public Safety and Corrections (“DPSC”), appeal a judgment of the district court, which sustained a dilatory exception raising the objection of improper cumulation of actions. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

The thirteen plaintiffs in this case are currently housed at the Louisiana State Penitentiary in Angola, Louisiana. According to the original petition the plaintiffs filed with the 19th Judicial District Court in East Baton Rouge Parish in May 2011, the plaintiffs, while passengers in a prison-manufactured trailer known as a “hootenanny,” suffered injuries in an accident in which one of the multiple wheels came off the trailer while the plaintiffs were traveling across the grounds at Angola. Following the accident, the plaintiffs initiated the two-step Administrative Remedy Procedure (“ARP”), which is the formal grievance mechanism that all offenders committed to the custody of the Department of Corrections must use before they may proceed with a suit in federal or state court. See LAC 22:I.325(D)(1).[1] In December 2011, the warden denied the plaintiffs’ requests on the first step review. In May 2012, the Secretary of the DPSC denied the plaintiffs’ requests on second step review, stating that neither the penitentiary nor the DPSC were liable for the accident and resulting injuries.
After the plaintiffs’ claims were denied under the ARP, the plaintiffs filed suit in the 19th Judicial District Court in East Baton Rouge Parish in August 2012. The State filed a declinatory exception raising the objection of improper venue and Ra dilatory exception raising the objection of improper cumulation of actions.[2] Following a hearing, the 19th Judicial District Court granted the exception raising improper venue and transferred the case to the 20th Judicial District Court in West Feliciana Parish, but pretermitted ruling on the exception of improper cumulation of actions. Once the matter was docketed with the 20th Judicial District Court, the State filed a dilatory exception raising the objection of improper cumulation of actions. Following a hearing, the district court sustained the exception raising improper cumulation of actions and dismissed all but the first named plaintiff, Curt Alonzo, in a final judgment signed on December 4, 2013.[3] The plaintiffs now appeal.

*553
LAW AND DISCUSSION

The plaintiffs argue that the district court erred when it sustained the defendants’ exception raising improper cumulation of actions. The plaintiffs contend that the non-cumulation provision of the Louisiana Prison Litigation Reform Act (“PLRA”) only applies to the consolidation of claims relating to the “conditions of confinement of prisoners” and does not explicitly forbid consolidation of prisoner tort claims.

Improper Cumulation of Actions; Standard of Review

Cumulation of actions is the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants. La. C.C.P. art. 461. Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if there is a community of interest between the parties joined; each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; Land all of the actions cumulated are mutually consistent and employ the same form of procedure. La. C.C.P. art. 463. When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed. La. C.C.P. art. 464.
The objection of improper cumulation of actions is raised through the dilatory exception and must be raised prior to answer or judgment by default. La. C.C.P. art. 926. A district court’s granting of a dilatory exception raising the objection of improper cumulation is a final judgment subject to a manifest error standard of review. Dietz v. Superior Oil Co., 13-657 (La.App. 3 Cir. 12/11/13), 129 So.3d 836, 839.

CARP and PLRA

The Louisiana State Legislature enacted the Louisiana Corrections Administrative Remedy Procedure (“CARP”), La. R.S. 1171 et seq., in 1985 in response to the Civil Rights of Institutionalized Persons Act,[4] which provided standards for the voluntary development and implementation by states of a system for resolution of disputes and grievances raised by prisoners. Pope v. State, 99-2559 (La.6/29/01), 792 So.2d 713, 715. Louisiana Revised Statutes 15:1171 authorizes the DPSC or the sheriff to adopt, for the particular correctional institution, an administrative remedy procedure for receiving, hearing, and disposing of complaints and grievances by an “offender,”[5] which arise while the offender is in custody. The administrative remedy procedure is the formal grievance mechanism that all offenders committed to the custody of the DPSC must use before they may proceed with a suit in federal or state court. LAC |522:1.325(D)(1). As originally enacted, La. R.S. 15:1171 encompassed “complaints and grievances,” without any reference to tort actions. Pope v. State, 792 So.2d at 715-16.
In 2002, the Louisiana Legislature amended La. R.S. 15:1177(A) to exclude tort claims from judicial review. See 2002 La. Acts, 1st Ex. Sess., No. 89, § 2. In amending the statute, however, the Legislature created a specific administrative *554 remedy procedure for prisoner tort claims and reserved the right of a prisoner to file a tort suit in district courts for de novo review after he first exhausted the administrative remedy procedure for tort claims set forth in CARP.[6] La. R.S. 15:1172. Thus, the plaintiffs properly sought administrative review of their tort claims, pursuant to the administrative procedure set forth in CARP, prior to filing their actions in district court.
Once an offender exhausts the administrative procedure pursuant to CARP, he may file a civil suit in district court pursuant to the Louisiana Prison Litigation Reform Act (“PLRA”), La. R.S. 15:1181 et seq. Louisiana Revised Statutes 15:1181(2)' defines a “civil action with respect to prison conditions” or a “prisoner suit” as:
Any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include post conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison.
Furthermore, La. R.S. 15:1184(F) states that:
The exclusive venue for delictual actions for injury or damages shall be the parish where the prison is situated to which the prisoner was assigned when the cause of action arose. Upon consent of all parties, the court may transfer the suit to a parish in which venue would otherwise be proper. [Emphasis added].
| (¡Regarding the cumulation of claims by prisoners, La. R.S. 15:1184(G) provides:
The actions of more than one prisoner may not be cumulated and a prisoner suit filed or prosecuted pro se may not assert a class action. If a suit names more than one plaintiff or asserts a pro se class action, the actions of any plaintiff, other than the first named plaintiff, shall be dismissed without prejudice. As to the claims dismissed pursuant to this Subsection, the filing of the suit shall not be considered an interruption of prescription for purposes of Civil Code Article 3468. [Emphasis added].
' The language of the non-cumulation provision contained in Section 1184(G) is clear that offenders may not cumulate actions or assert a class action against the State. This court has previously determined that an inmate may not seek judicial review of more than one ARP in the same petition for judicial review. See Jacobson v. Le-Blanc, 10-0986 (La.App. 1 Cir. 12/22/10), 2010 WL 5465398, at *2, writ denied, 11-0114 (La.1/13/12), 77 So.3d 971; McCoy v. Stalder, 99-1747 (La.App. 1 Cir. 9/22/00), 770 So.2d 447, 452; Lightfoot v. Staider, 97-2626 (La.App. 1 Cir. 12/28/98), 727 So.2d 553, 554-55.
The plaintiffs argue that the PLRA non-cumulation provision of La. R.S. 15:1184(G) does not explicitly forbid cumu-lation of prisoner tort claims, but only applies to claims related to the “conditions of confinement” of prisoners. However, La. R.S. 15:1184(G) must be read within the context of the PLRA. For example, La. R.S. 15:1184(F) specifically governs the venue for “delictual actions,” while Section *555 1182 governs any “civil action with respect to prison conditions” and Section 1188 refers to any “civil action by a prisoner seeking redress from a governmental entity.” Unlike other sections of the PLRA, the plain language of La. R.S. 15:1184(G) simply uses the term “action.” By broadly employing the term “action,” the Legislature did not limit the application of the non-cumulation provision of Section 1184(G) to any specific type of action or suit. Therefore, the plaintiffs’ argument, that the non-cumulation provision of Section 171184(G) applies only to claims related to the “conditions of confinement” of prisoners, is without merit.

DECREE

Based on the foregoing, the December 4, 2018 judgment of the district court, which sustained the dilatory exception raising the objection of improper cumulation of actions and dismissed all but the first-named plaintiff in this suit, Curt Alonzo, is hereby affirmed. All costs of this appeal are cast to the plaintiffs-appellants.
AFFIRMED.

.Complaints and grievances for which an offender may seek formal review through the ARP include, but are not limited to: any and all claims seeking monetary, injunctive, declaratory or any other form of relief authorized by law and by way of illustration, includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies or statutes, including grievances such as offender requests for accommodations under the Americans with Disabilities Act and for complaints of sexual abuse under the Prison Rape Elimination Act. LAC 22:I.325(D)(2).

. We note that the defendants' exception raising improper cumulation of actions that was filed in the 19th Judicial District Court does not appear in the record, although the ruling on the motion is included in the record.

. The plaintiffs filed a motion for written reasons for judgment. The district court denied the motion as untimely pursuant to La. C.C.P. art. 1917(A).

. See 42 U.S.C. §§ 1997-1997j (1980).

. An "offender” means an adult or juvenile offender who is in the physical or legal custody of the Department of Public Safety and Corrections, a contractor operating a private prison facility, or a sheriff when the basis for the complaint or grievance arises. Any subsequent event, including posttrial judicial action or release from custody, shall not affect status as an "offender” for the purposes of this Part. La. R.S. 15:1174(2).

. Pursuant to the 2002 amendments to La. R.S. 15:1172 and 1177 (2002 La. Acts, 1st Ex. Sess., No. 89 § 2), the district courts do not function as courts of review (limited to a review of the CARP record), but as courts of original jurisdiction. However, this does not relieve the prisoner from first filing an administrative claim (via CARP) pursuant to La. R.S. 15:1172. See Dickens v. Louisiana Correctional Institute for Women, 11-0176 (La. App. 1 Cir. 9/14/11), 77 So.3d 70, 73 n. 1.