STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0247

RONALD LYNN WARREN

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS

Judgment Rendered: __FEB 1 9 2021__

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 688340

Honorable Janice G. Clark, Judge Presiding

* * * * *

| | |
|---|---|
| Jonathan R. Vining<br>Baton Rouge, LA | Attorney for Defendant-Appellee,<br>Louisiana Department of Public<br>Safety and Corrections |
| Ronald Lynn Warren<br>Angie, LA | Plaintiff-Appellant,<br>In Proper Person |

* * * * *

BEFORE: THERIOT, WOLFE, HESTER, JJ.

**HESTER, J.**

Ronald Lynn Warren, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC"), appeals a judgment of the district court dismissing his suit for judicial review. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

In this matter, petitioner alleges that multiple prison officials willfully neglected his needs and requests for protection while in the care and custody of DPSC on or about January 3, 2019. Petitioner requested that the prison officials be reprimanded according to their alleged dereliction of duty and also sought compensation for his resulting pain and mental anguish. Utilizing the prescribed administrative procedures remedies, petitioner sought relief (Case No. RCC-2019-170), which relief was denied. A petition for judicial review was filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on September 23, 2019 after petitioner exhausted his administrative remedies.

In accordance with La. R.S. 15:1178 and La. R.S. 15:1188, petitioner's suit was screened by the commissioner of the district court to identify cognizable claims or to dismiss the petition, or any portion of the petition, if the petition was frivolous, malicious, failed to state a cause of action, sought monetary relief from a defendant who is immune from such relief, or failed to state a claim upon which relief can be granted. Upon review, the commissioner determined that this matter was governed by the Louisiana Prison Litigation Reform Act ("PLRA"), La. R.S. 15:1181 *et seq.*, and the scope of its review was limited by the exclusive venue set forth in La. R.S. 15:1184(F). The exclusive venue for delictual actions for injury or damages is in the parish where the prison is situated to which the prisoner was assigned when the cause of action arose, which in this case was Rayburn Correctional Center in Washington Parish. Accordingly, the commissioner concluded that Washington Parish, and not East Baton Rouge Parish, was the proper and exclusive venue. La.

2

R.S. 15:1184(F). The commissioner also acknowledged additional defects in petitioner's suit, namely that it failed to specify the precise harm he sustained as result of the willful neglect and that the petition was not in the proper mode for ordinary suits. The commissioner's screening recommendation was to dismiss the petition for judicial review without service on DPSC, without prejudice, and at petitioner's cost.

Thereafter, the district court adopted the commissioner's written recommendation. In a judgment dated November 27, 2019, the district court dismissed petitioner's suit for judicial review without service on DPSC, without prejudice, and at petitioner's cost because it was filed in an improper venue. Petitioner now appeals and assigns as error the district court's adoption of the written recommendation of the commissioner.

## LAW AND DISCUSSION

The purpose of the PLRA, La. R.S. 15:1181, *et seq.*, is to provide for civil actions with respect to prison conditions or effects of officials' actions on prisoners' lives. **Frederick v. Ieyoub**, 99-0616 (La. App. 1st Cir. 5/12/00), 762 So.2d 144, 150, writ denied, 2000-1811 (La. 4/12/01), 789 So.2d 581. In accordance with the PLRA, a prisoner suit is defined as "any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison."[1] La. R.S. 15:1181(2). Prisoner suits are subject to the administrative procedures of Louisiana Corrections Administrative Remedy Procedure Act ("CARP"), La. R.S. 15:1171, *et seq.*, which must be exhausted prior to filing suit in district court. La. R.S. 15:1184(A)(2); also see **Alonzo v. Cain**, 2014-0172 (La. App. 1st Cir. 9/19/14), 154 So.3d 551, 554, writ denied, 2014-2165 (La. 12/8/14); 153 So.3d 445. The PLRA further provides that exclusive venue for

---

[1] Notwithstanding, a prisoner suit does not include post-conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison. La. R.S. 15:1181(2).

3

delictual actions for injury or damages shall be the parish where the prison is situated to which the prisoner was assigned when the cause of action arose. La. R.S. 15:1184(F).

The administrative remedy procedure set forth in CARP is the formal grievance mechanism that all offenders committed to the custody of DPSC must use before they may proceed with a suit in federal or state court. **Alonzo**, 154 So.3d at 553; LAC 22:I:325(D)(1). Under the provisions of CARP, an offender aggrieved by an adverse decision by DPSC rendered pursuant to the prescribed administrative remedies may seek judicial review in the Nineteenth Judicial District Court; however, this provision specifically excludes administrative decisions relative to delictual actions for injury or damages.[2] La. R.S. 15:1177(A). Delictual actions for injury or damages shall be filed separately as original civil actions pursuant to La. R.S. 15:1177(C). **Foster v. Louisiana Department of Public Safety & Corrections**, 2012-0358 (La. App. 1st Cir. 11/2/12), 111 So.3d 81, 82. These delictual actions are reviewed de novo by the district court after the exhaustion of the administrative remedies set forth in CARP. **Alonzo**, 154 So.3d at 554.

In view of the record and the applicable law, we find no error in the written recommendation of the commissioner or the district court's adoption thereof. While petitioner filed his petition for judicial review pursuant to La. R.S. 15:1177 after exhausting his administrative remedies pursuant to CARP, petitioner's delictual action for injury and damages is not governed by the judicial review process set forth in La. R.S. 15:1177. Petitioner was required to file an original civil action to assert his tort claims. La. R.S. 15:1177(C); **Foster**, 111 So.3d at 82. This suit is a prisoner suit as that term is defined in La. R.S. 15:1181(2), as petitioner claimed that certain

---

[2] After the Supreme Court's decision in **Pope v. State**, 99-2559 (La. 6/29/01), 792 So. 2d 713, the legislature amended La. R.S. 15:1177(A) to exclude tort claims from judicial review. See 2002 La. Acts, 1st Ex. Sess., No. 89, § 2.

4

prison officials willfully neglected his needs and requests for protection while in the care and custody of DPSC.

Pursuant to La. R.S. 15:1184(F), the exclusive venue for delictual actions for injury or damages is the parish where the prison is situated to which the prisoner was assigned when the cause of action arose. When a prisoner's suit has been filed in a parish of improper venue, the court may raise the exception of improper venue on its own motion and transfer the suit to a court of proper venue or dismiss the suit. La. R.S. 15:1184(B); **Foster**, 111 So.3d at 83. Washington Parish, the location of Rayburn Correctional Center, is the parish where petitioner was incarcerated when the cause of action arose and is the exclusive venue for this action. Therefore, East Baton Rouge Parish, where petitioner filed his action, is a parish of improper venue, and the district court did not err in adopting the commissioner's screening recommendation and dismissing the suit without prejudice.

## CONCLUSION

For the foregoing reasons, the district court's November 27, 2019 judgment is affirmed. Costs of the appeal are assessed to petitioner, Ronald Lynn Warren.

**AFFIRMED.**