# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2021 CA 1431

## WILLIAM CROOKER

## VERSUS

## SGT. MICHAEL DILLON AND STATE OF LOUISIANA THROUGH LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, RAYBURN CORRECTIONAL CENTER

Judgment Rendered: JUN 2 2 2022

* * * * * *

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of Washington
State of Louisiana
Docket No. 114-419

Honorable John A. Keller, Judge Presiding

* * * * * *

| | |
|---|---|
| Donna U. Grodner<br>Zatabia Williams<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellee<br>William Crooker |
| Jeff Landry<br>Attorney General | Counsel for Defendants/Appellants<br>Sgt. Michael Dillon and State of Louisiana,<br>through Louisiana Department of Public |
| Jabrina C. Edwards<br>Assistant Attorney General<br>André Charles Castaing<br>Assistant Attorney General<br>Shreveport, Louisiana | Safety and Corrections<br>Rayburn Correctional Center |
| Wm. David Coffey<br>Assistant Attorney General<br>Theresa C. Phillips<br>Assistant Attorney General<br>New Orleans, Louisiana | |
| Jeannie C. Prudhomme<br>Assistant Attorney General<br>Lafayette, Louisiana | |

* * * * * *

BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.

**McCLENDON, J.**

In this appeal, the defendants challenge the district court's judgment that granted their motion for summary judgment, dismissed an inmate's lawsuit without prejudice, but remanded the matter to the prison to process the administrative remedy procedure (ARP) of the plaintiff. The plaintiff filed an answer to the appeal, asserting that the district court erred in remanding the case to the prison rather than allowing the plaintiff's suit to proceed in the district court. For the reasons that follow, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On June 27, 2019, William Crooker, then an inmate housed at Rayburn Correctional Center (RCC) in Angie, Louisiana, was part of a prison work crew being transported by Sgt. Michael Dillon, an employee of RCC, and working on or near Highway 40 in St. Tammany Parish.[1] Mr. Crooker alleges that while working he asked Sgt. Dillon for permission to use the "port-o-can" mounted to the front of the work trailer, and Sgt. Dillon agreed. The RCC van and work trailer were parked on the side of the highway when Mr. Crooker went to use the "port-o-can." According to Mr. Crooker, when he began to dismount the "trailer tongue" and step onto the side of the highway, Sgt. Dillon pressed on the accelerator of the work van, causing Mr. Crooker to lose his balance, fall off the trailer, and roll down an embankment, resulting in serious injury to his back and neck.

On January 24, 2020, Mr. Crooker filed a petition for damages, naming Sgt. Dillon and the State of Louisiana, through the Department of Public Safety and Corrections, Rayburn Correctional Center (DPSC), as defendants, and asserting claims for negligence and respondeat superior. On March 15, 2021, the defendants filed a peremptory exception raising the objection of no cause of action and, alternatively, a motion for summary judgment. Therein, the defendants contended that Mr. Crooker failed to pursue and exhaust the required administrative remedies for a delictual action for injury or damage stemming from the June 27, 2019 incident prior to filing suit.

---

[1] The record indicates that Mr. Crooker has since been released from prison.

2

Mr. Crooker opposed the exception of no cause of action and the motion for summary judgment. After a virtual hearing, the district court signed a judgment on June 15, 2021, which denied the defendants' exception raising the objection of no cause of action; granted the defendants' motion for summary judgment; dismissed Mr. Crooker's suit without prejudice; and remanded the matter to RCC to process the ARP of Mr. Crooker in accordance with law. Mr. Crooker requested written reasons for judgment, which were issued on June 25, 2021.

The defendants appealed, asserting that the district court erred in remanding Mr. Crooker's ARP back to RCC and ordering RCC to process the ARP after granting their motion for summary judgment and dismissing Mr. Crooker's claims. Mr. Crooker answered the appeal, contending that the district court erred in the dismissal of his lawsuit with a remand of his case back to RCC for further administrative remedy proceedings when the district court found that Mr. Crooker had exhausted all administrative remedies available to him.

## STANDARD OF REVIEW

An appellate court reviews a trial court's decision to grant a motion for summary judgment *de novo,* using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. **Dupuis v. Johnson**, 20-1248 (La.App. 1 Cir. 4/16/21), 324 So.3d 666, 669, writ denied, 21-00832 (La. 10/05/21), 325 So.3d 380. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966A(3).

## DISCUSSION

The Corrections Administrative Remedy Procedure (CARP), set forth in LSA-R.S. 15:1171-1179, provides that DPSC may adopt an administrative remedy procedure for receiving, hearing, and disposing of any and all complaints and grievances by offenders against the state, the governor, DPSC, or its employees. The adopted procedures are the exclusive remedy for handling the complaints and grievances to which they apply. **Dupuis**, 324 So.3d at 669. All prisoner complaints and grievances, including traditional

3

tort claims seeking monetary relief, are subject to administrative procedures. See LSA-R.S. 15:1172A; **Cook v. Louisiana Department of Public Safety and Corrections**, 18-1143 (La. App. 1 Cir. 12/18/18), 267 So.3d 1175, 1177.

An offender shall initiate his administrative remedies for a delictual action for injury or damages within ninety days from the day the injury or damage is sustained. LSA-R.S. 15:1172B(1). Further, liberative prescription for any delictual action for injury or damage arising out of claims asserted by a prisoner in a complaint or grievance in an ARP shall be suspended upon the filing of the complaint or grievance and shall continue to be suspended until the final agency decision is delivered. LSA-R.S. 15:15:1172E. Thereafter, a party aggrieved by an agency decision may file a petition for judicial review in accordance with LSA-R.S. 15:1177. However, the judicial review procedure does not apply to delictual actions for injury or damages, as tort claims must be filed separately as original civil actions.[2] See LSA-R.S. 15:1177C; **Cook**, 267 So.3d at 1178.

The rules and procedures promulgated by DPSC are set forth in Section 325 of Title 22, Part I of the Louisiana Administrative Code. **Collins v. Vanny**, 14-0675 (La.App. 1 Cir. 1/15/15), 169 So.3d 405, 406. Pursuant to these rules, offenders must exhaust a two-step ARP before they can proceed with a suit in federal or state court. LSA-R.S. 15:1176; LAC 22:I.325F(3)(a)(viii); **Dupuis**, 324 So.3d at 670. When an inmate has initiated the first step of an ARP, the warden is required to respond within forty days from the date the request is received at the first step, using the first-step response. LAC 22:I.325J(1)(a)(ii). An inmate who is not satisfied with the warden's first-step response may proceed to the second step ARP and appeal to the secretary of DPSC. The final decision of the secretary or his designee shall be made and the offender shall be sent a response within forty-five days from the date the request is received at the second step, utilizing the second-step response. LAC

---

[2] In 2002, after the Louisiana Supreme Court decision in **Pope v. State**, 99-2559 (La. 6/29/01), 792 So.2d 713, the legislature amended LSA-R.S. 15:1177 to exclude tort claims from judicial review. See 2002 La. Acts, 1st Ex. Sess., No. 89, § 2; **Warren v. Louisiana Department of Public Safety and Corrections**, 20-0247 (La.App. 1 Cir. 2/19/21), 320 So.3d 453, 455 n.2. However, the legislature created a specific administrative remedy procedure for prisoner tort claims and reserved the right of a prisoner to file a tort claim in district courts for *de novo* review after the exhaustion of the administrative remedy procedure for tort claims set forth in CARP. **Alonzo v. Cain**, 14-0172 (La.App. 1 Cir. 9/19/14), 154 So.3d 551, 553-54, writ denied, 14-2165 (La. 12/8/14), 153 So.3d 445. Pursuant to the 2002 amendments to LSA-R.S. 15:1172 and 1177, district courts do not function as courts of review, but as courts of original jurisdiction. **Alonzo**, 154 So.3d at 554 n.6.

22:I.325J(1)(b)(ii). If an inmate fails to exhaust available administrative remedies, the district court and the appellate court lack subject matter jurisdiction to review the claim. **Dupuis**, 324 So.3d at 670; **Collins**, 169 So.3d at 407.

The record before us reveals that after the accident on June 27, 2019, an RCC Offender Accident Report was prepared by Sgt. Dillon, wherein he stated that "[a]t 7[:]45 AM, offender Crooker fell off work crew trailer, rolled down a hill and was laying flat on his back complaining of injury. The offender was transported by Acadian Ambulance to the hospital."[3] On June 27, 2019, Sgt. Dillon also completed a DPSC Unusual Occurrence Report in which he stated, in part, that he witnessed Mr. Crooker "fall off of the DOTD work trailer and roll down a hill landing on his back." He stated that he "immediately exited the vehicle to check on offender Crooker. Offender Crooker could not move and was complaining of neck and back injuries."

Thereafter, Mr. Crooker initiated the first step of the ARP process, which was accepted on August 27, 2019. In his request, Mr. Cooker stated, in part:

> On 6/27/2019 while working I had an accident in Folsom, LA and was taken to the parish hospital in Covington, LA for treatment. I suffered from torn muscles in my back and neck. ... I feel that Louisiana Department of Corrections along with B.B. Rayburn Correctional Center is responsible and the Medical Department at B.B. Rayburn Correctional Center be held accountable for their lack of responsibility.
>
> For relief I request the following:
> 1. I need a specialist to see me for continued neck, back and nerve pain. I am still hurting and experiencing burning sensations.
> 2. All of my medical bills related to the accident on 6/27/2019 be taken [care] of, now and in the future in this matter for I am a ward of the state.

On October 2, 2019, Mr. Crooker received a first-step response to ARP RCC-2019-484. Therein, RCC set forth the medical treatment that followed the June 27, 2019 accident and determined that no further relief was warranted for the complaint. Mr. Crooker was not satisfied with the first-step response in the ARP process and proceeded to the second step. Therein, he wrote, "on-going medical issues ... and investigation for proper training of officers." In the second-step response, DPSC

---

[3] In connection with their motion for summary judgment, the defendants submitted the affidavit of Cynthia Crain, an Administrative Program Specialist with DPSC, with the institutional file regarding Mr. Crooker's ARP RCC-2019-484 attached thereto.

5

reviewed Mr. Crooker's medical treatment after the incident. DPSC denied Mr. Crooker's request for relief, concluding:

> It is unfortunate that you slipped/fell off of the trailer; however, security staff was present, they immediately reacted and your medical concerns were promptly addressed. There is no evidence to suggest the facility or staff was negligent. This office concurs with staff's findings on this matter. As such, no further investigation or administrative intervention [is] warranted.

Mr. Crooker then filed his Petition for Damages/Thrown from Work Trailer, alleging that he completed the required administrative procedures, reaching the second step on November 11, 2019. The defendants responded with their peremptory exception raising the objection of no cause of action or, alternatively, motion for summary judgment, arguing that the purpose of Mr. Crooker's ARP was his alleged inadequate medical care after the June 27, 2019 accident. The defendants asserted that no portion of Mr. Crooker's request could reasonably be interpreted as indicative of his desire to address his possible pursuit of a delictual action related to the injuries allegedly sustained in the accident.

The district court determined that Mr. Crooker's ARP was timely filed; that his ARP mentioned his injuries and complained about treatment procedures, which was sufficient to preserve his right to administrative review, and judicial review, if necessary; that although Mr. Crooker's purpose for filing his ARP was for the purpose of lack of medical care related to his injuries, Mr. Crooker's ARP complaint was sufficient to put the defendants on notice that a delictual action was possible; that the ARP responses addressed the lack of medical care, but that the responses failed to address Mr. Crooker's injury claim; and that the matter should be remanded backed to the prison for further administrative review.

The district court reasoned that by remanding the matter back to RCC, Mr. Crooker would not suffer prejudice from a more thorough compliance by all parties with the administrative remedy process. Thus, the district court found that Mr. Crooker's original ARP complaint suspended prescription for a delictual action and that Mr. Crooker was entitled to an ARP on his claim for alleged injuries beginning with step one

6

of the process. In light of its findings, the district court remanded the matter to RCC for further administrative review and dismissed the matter without prejudice.[4]

The defendants maintain that LSA-R.S. 15:1184A(2) clearly provides that if all administrative remedies have not been exhausted, the suit shall be dismissed without prejudice, arguing that there is no provision in the statute providing an option for the district court to remand the case back to the prison. Louisiana Revised Statutes 15:1184A(2) provides that "[n]o prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted. If a prisoner suit is filed in contravention of this Paragraph, the court shall dismiss the suit without prejudice." According to the defendants, the district court was correct in dismissing Mr. Crooker's suit without prejudice, but erroneously remanded the matter to RCC.

However, Mr. Crooker argues that despite the multiple documents in the ARP file referencing the fall from the trailer, RCC chose to process the ARP as only relating to the denial of medical treatment after his fall. He further contends that in the second-step response, DPSC recognized his negligence claim although it found no evidence of negligence. Thus, Mr. Crooker asserts that the district court correctly determined that the ARP sufficiently put the defendants on notice of a personal injury claim as well as his claim of inadequate medical care. Therefore, according to Mr. Crooker, he exhausted his administrative remedies as to both his medical treatment and personal injury claims, and the matter should proceed in district court.

Initially, we agree with Mr. Crooker and the defendants that remand to RCC was improper. Louisiana Revised Statutes 15:1184 clearly provides that dismissal of the lawsuit without prejudice is mandatory if all administrative remedies have not been

---

[4] The district court relied on **Poullard v. Michael**, 38,363 (La.App. 2 Cir. 4/7/04), 870 So.2d 481. Therein, Mr. Poullard submitted an ARP, after being stabbed by another inmate, and wrote "Failure to Protect Denial of proper medical treatment" and that he was never examined by a doctor. The defendants argued that his ARP was only about medical treatment. The second circuit determined that the ARP preserved Mr. Poullard's rights to administrative review of both his negligence claim for failure to protect and his claim regarding the denial of proper medical treatment. The court remanded the matter to the prison for full administrative review, determining that sending the matter back to the prison for a more thorough exercise of the administrative review procedure would be beneficial and would not cause any prejudice to the inmate. **Poullard**, 870 So.2d at 486-87.

7

exhausted.[5] Thus, we must determine whether Mr. Crooker has exhausted his administrative remedies.

In **Dupuis**, another panel of this Court held that an inmate properly exhausted his available administrative remedies through his ARP, in which the inmate explained that he sought medical attention for injuries he suffered in a car accident. The Court found that the information provided in the ARP clearly pertained to the collision and that the accident preceded the alleged inadequate medical care. Therefore, this Court determined that the ARP contained enough information to place a reasonable person on notice that the inmate might pursue a delictual action related to the accident and the injuries caused by the accident. **Dupuis**, 324 So.3d at 671. We are unable to distinguish the **Dupuis** case and, as such, find it to be controlling.

After our review of the record, we likewise find that Mr. Crooker's ARP contained sufficient information to place a reasonable person on notice that he might pursue a delictual action related to the June 27, 2019 accident and the injuries caused by the accident. In his ARP, Mr. Crooker alleged that he suffered injuries in the accident and believed that DPSC and RCC should be responsible and "held accountable for their lack of responsibility." The information provided by Mr. Crooker clearly pertained to the accident at issue, and the accident preceded the alleged lack of adequate medical care. Therefore, we find that Mr. Crooker has properly exhausted his available administrative remedies as to his delictual claim, as well as to his claim of inadequate medical care.

Accordingly, we reverse the judgment of the district court that granted the defendants' motion for summary judgment and dismissed Mr. Crooker's claims without prejudice, but remanded the matter back to RCC for further processing of the ARP. Rather, having concluded that Mr. Crooker preserved his right to judicial review of both claims, we remand this matter to the district court so that Mr. Crooker's lawsuit may proceed.

---

[5] We note that prior to **Pope**, LSA-R.S. 15:1177 did not exclude delictual actions and gave the district court the option to remand the case to DPSC for additional evidence. See **Pope v. State**, 792 So.2d at 718.

8

## CONCLUSION

For the foregoing reasons, we reverse the June 15, 2021 judgment of the district court, which granted summary judgment, dismissed William Crooker's claims without prejudice, and remanded the suit to the prison to process Mr. Crooker's ARP. We remand the matter to the district court for further proceedings. Costs in the amount of $1,970.65 are assessed to the State of Louisiana, through the Department of Public Safety and Corrections, Rayburn Correction Center, and Sgt. Michael Dillon.

**REVERSED AND REMANDED.**