STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0098

CHRISTOPHER GEORGE SANDERS

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: **SEP 1 5 2023**

CHH

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 724956

Honorable Kelly Balfour, Judge Presiding

* * * * *

Christopher George Sanders          Plaintiff-Appellant,
Cottonport, LA                      *Pro Se*


Jonathan R. Vining                  Attorneys for Defendant-Appellee,
Baton Rouge, LA                     Louisiana Department of Public Safety
                                    and Corrections


* * * * *

BEFORE: MCCLENDON, HESTER, AND MILLER, JJ.

**HESTER, J.**

Christopher George Sanders, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC") and confined to the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana, appeals a judgment of the district court dismissing, without prejudice, his petition for judicial review. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On August 28, 2022, Sanders was issued a disciplinary report on the basis that he was masturbating in view of staff (Rule 21(E) violation – sex offenses, aggravated, obscenity), cursed at staff in response to orders to stop (Rule 5 violation – disobedience, aggravated), and refused to stop the prohibited action (Rule 3 violation – defiance).[1] Following a hearing on August 29, 2022,[2] the disciplinary board found Sanders guilty of and sentenced him on all three violations.[3] The board reasoned that the disciplinary report was clear and precise, Sanders lacked a credible defense, and Sanders offered little to no defense, with the only defense being a denial of the contents of the disciplinary report. The disciplinary board also denied Sanders's motion to call witnesses.

Sanders appealed the disciplinary board's action (DBA-RLCC-2022-194), and a rehearing was ordered. The rehearing was conducted on September 21, 2022, after which the disciplinary board again found Sanders guilty of the violations and sentenced him accordingly for the same reasons identified in the original action. The rehearing ruling further provided reasons for the sentences imposed, noting that

---

[1] The Disciplinary Rules and Procedures for Adult Offenders are set forth in Title 22 of the Louisiana Administrative Code, Part I, Section 341. The Offender Rules and Violations Descriptions are contained in Subsection I thereof.

[2] Sanders executed a "24-HOUR WAIVER FOR DB COURT" form on August 29, 2022, indicating that he had a right to a "24-hour notice" prior to a disciplinary hearing and was waiving that right.

[3] Sanders was sentenced in accordance with the appropriate penalty schedules under the Disciplinary Rules and Procedures for Adult Offenders. See LAC 22:I:341(K).

Sanders had a poor conduct record, reflecting three rule violations and a total of two Schedule B violations in the previous twelve months.

On October 3, 2022, a memorandum was issued by Ashley Firmin in the Deputy Warden's Office to Internal Affairs regarding "DISCIPLINARY BOARD APPEALS," in which she stated that Sanders was not satisfied with the appeal decision of the Warden and had requested to appeal to the Secretary in accordance with the conditions set forth in the Disciplinary Rules and Procedures for Adult Offenders. See LAC 22:I:341(H). The case number was referenced as "RLCC-2022-210."

Thereafter, on October 11, 2022, Sanders sent correspondence to Ms. Firmin, indicating he was not satisfied with his appeal in "RLCC-2022-194" because he was "not satisfied with the 9/21/22 Re-hearing decision." Sanders claimed that he did not receive the Warden's decision or any confirmation thereof relating to his request to appeal to the Secretary concerning RLCC-2022-194. Handwritten on the bottom of Sanders's correspondence was the following notation:

RLCC-2022-210 was the Rehearing appeal
10/5/22 you signed
for the letter sent
to headquarters
A Firmin

RLCC-2022-194 was the original appeal of the August 29, 2022 disciplinary action, which resulted in a rehearing. It appears that the rehearing, which was conducted on September 21, 2022, was also appealed and assigned case number RLCC-2022-210. As indicated in the October 3, 2022 memorandum, this appeal was in process; however, there is no indication in the record of the status of Sanders's request to appeal to the Secretary.[4]

---

[4] While not contained in the record of this appeal, Sanders attached the decision of the Secretary, denying his appeal in RLCC-2022-210, as Exhibit D to the brief filed with this court.

Sanders's October 11, 2022 request to Ms. Firmin does not appear to correspond to any procedure set forth in the Disciplinary Rules and Procedures for Adult Offenders. The request was assigned as Case No. RLCC-2022-771 on the Offender's Relief Request Form and processed as a request for an administrative remedy. The form, also dated October 11, 2022, noted that the date of the underlying incident was September 21, 2022 (the date of the rehearing before the disciplinary board). According to the form, the request was rejected because it "[s]hould have been address[ed] through appeal."

Dissatisfied with this response, Sanders filed a petition for judicial review on October 24, 2022 in the 19th Judicial District Court in and for the Parish of East Baton Rouge, naming DPSC and multiple employees of RLCC as defendants. Sanders alleged that DPSC improperly denied his grievance (RLCC-2022-771) on the basis that he could not utilize administrative remedy procedures against actions of the disciplinary board and that his complaints should have been addressed through the appeal of his disciplinary proceedings. Through his administrative remedy procedure ("ARP") and petition for judicial review, Sanders claimed that he was wrongfully punished for an aggravated sex offense (Rule 21(E)) that he did not commit and stated that he was "asking the courts to accept [his] petition in order to prove [his] case and hopefully be compensated for each day [he's] done on investigative seg/preventative seg." Sanders sought compensation in the amount of $10,000 for monetary damages, $10,000 in punitive damages, $15,000 for mental anguish, and an amount to be determined by the court for every day spent in segregation. As additional relief, Sanders seeks the placement of cameras in dorms to ensure a safe environment, his immediate transfer back to his old quarters, the removal of his Rule 21(E) violation from the record, and the administration of lie detector tests on all participants and witnesses. Sanders also requested that each

4

named defendant either be sued in his or her individual capacity or that they be relieved of duty or rank.

On November 7, 2022, the commissioner for the district court issued a screening report to the district court judge, recommending that Sanders's petition for judicial review be dismissed without prejudice and without service.[5] The commissioner found that the matter was "not in the proper format pursuant to R.S. 15:1177(C) and not in the proper mandatory venue pursuant to R.S. 15:1184(F)," as the matter should have been filed as an original civil action. By judgment dated November 22, 2022, the district court adopted the commissioner's written reasons and dismissed Sanders's petition for judicial review without prejudice, in accordance with the commissioner's recommendations. From this judgment, Sanders appeals.

## LAW AND DISCUSSION

The Louisiana Prison Litigation Reform Act ("PLRA"), La. R.S. 15:1181 *et seq.*, provides for civil actions with respect to prison conditions or effects of officials' actions on prisoners' lives. **Warren v. Louisiana Dep't of Pub. Safety & Corr.**, 2020-0247 (La. App. 1st Cir. 2/19/21), 320 So.3d 453, 455. In accordance with the PLRA, a prisoner suit is defined as "any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison." La. R.S. 15:1181(2). The PLRA further provides that exclusive venue for delictual actions for injury or damages shall be the parish where the prison is situated to which the prisoner was assigned when the cause of action arose. La. R.S. 15:1184(F).

---

[5] The office of commissioner of the 19th Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5). Pursuant to La. R.S. 15:1178 and La. R.S. 15:1188, the district court is required to screen all prisoner suits prior to requiring service on the DPSC to determine if the court has subject matter jurisdiction.

Prisoner suits are subject to the administrative procedures of Louisiana Corrections Administrative Remedy Procedure Act ("CARP"), La. R.S. 15:1171, *et seq.*, which is the formal grievance mechanism that all offenders committed to the custody of DPSC must use before they may proceed with a suit in federal or state court. **Alonzo v. Cain**, 2014-0172 (La. App. 1st Cir. 9/19/14), 154 So.3d 551, 553, writ denied, 2014-2165 (La. 12/8/14), 153 So.3d 445; LAC 22:I:325(D)(1). Under the provisions of CARP, an offender aggrieved by an adverse decision by DPSC rendered pursuant to the prescribed administrative remedies may seek judicial review in the 19th Judicial District Court; however, this provision specifically excludes administrative decisions relative to delictual actions for injury or damages.[6] La. R.S. 15:1177(A). Delictual actions for injury or damages shall be filed separately as original civil actions pursuant to La. R.S. 15:1177(C). **Foster v. Louisiana Department of Public Safety & Corrections**, 2012-0358 (La. App. 1st Cir. 11/2/12), 111 So.3d 81, 82. These delictual actions are reviewed *de novo* by the district court after the exhaustion of the administrative remedies set forth in CARP. **Alonzo**, 154 So.3d at 554.

After a thorough review of the record and applicable law, we find no error in the written recommendation of the commissioner or the district court's dismissal of the action without prejudice. Utilizing the administrative remedies set forth in CARP, Sanders sought relief relating to his disciplinary proceedings, including challenging the findings and sentence imposed by the disciplinary board. Sanders stated in his petition for judicial review that he was wrongfully punished for a violation and requested that the court allow him to prove his case. The Disciplinary Rules and Procedures for Adult Offenders establishes disciplinary rules and

---

[6] After the Supreme Court's decision in **Pope v. State**, 99-2559 (La. 6/29/01), 792 So.2d 713, the legislature amended La. R.S. 15:1177(A) to exclude tort claims from judicial review. See 2002 La. Acts, 1st Ex. Sess., No. 89, § 2.

procedures for offenders remanded to the state's custody and includes specific procedures for the appeals of disciplinary decisions. See LAC 22:I:341(F) and (H). As the commissioner correctly observed, Sanders's complaints relating to the outcome and sentence imposed in the disciplinary proceedings may only be addressed through the disciplinary appeals process, which Sanders utilized through RLCC-2022-194 and RLCC-2022-210.[7] See LAC 22:I:341(H). The district court did not err in finding that Sanders brought his suit in an improper format pursuant to La. R.S. 15:1177(C).

As a result of his alleged wrongful punishment, Sanders further sought corrective actions, monetary damages, compensation for mental anguish, and punitive damages for the days he spent in segregation. However, delictual actions for injury or damages, however styled or captioned, shall be filed separately as original civil actions pursuant to La. R.S. 15:1177(C). **Foster**, 111 So.3d at 82. Accordingly, Sanders's tort action for damages and specific relief related to his alleged wrongful sentencing wass required to be filed as an original action for damages and not as a petition for judicial review. Pursuant to the PLRA, the exclusive venue for these delictual actions is the parish where the prison is situated to which Sanders was assigned when the cause of action arose. La. R.S. 15:1184(F). Avoyelles Parish, the location of RLCC, is the parish where petitioner was incarcerated when the cause of action arose and is the exclusive venue for this action. East Baton Rouge Parish, where petitioner filed his action, is a parish of improper venue. When a prisoner's suit has been filed in a parish of improper venue, the court may raise the exception of improper venue on its own motion and transfer the suit

---

[7] Sanders appealed the original August 29, 2022 decision of the disciplinary board (RLCC-2022-194), which resulted in a rehearing. After the rehearing, Sanders again appealed (RLCC-2022-210). The last step relating to the appeal in RLCC-2022-210 in the record is the acknowledgment of receipt and date forwarded to the secretary's office, but Sanders attached the denial of the appeal in RLCC-2022-210 as Exhibit D to the brief filed with the court. Accordingly, it appears that the disciplinary appeals process is complete.

to a court of proper venue or dismiss the suit. La. R.S. 15:1184(B); **Foster**, 111 So.3d at 83. Therefore, the district court correctly found that Sanders's suit was filed in a parish of improper venue and did not err in dismissing the petition for judicial review without prejudice.

## CONCLUSION

Finding that the district court did not err in adopting the commissioner's screening recommendation and dismissing the suit without prejudice, we hereby affirm the district court's November 22, 2022 judgment. Costs of the appeal are assessed to petitioner, Christopher George Sanders.

**AFFIRMED.**