NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0193

and

2023 CW 1301

DEWAYNE & JANETTE COLSTON, LEVENE HARMON, MARY MORRIS, RANDY & CARLA MINGO, SHAWNDREKA WASHINGTON, SONNA CLARK, JULES AMBROSE, TIOWANNA GARDEN

VERSUS

STATE NATIONAL FIRE INSURANCE COMPANY,[1] ACCESS HOME INSURANCE COMPANY, LIGHTHOUSE INSURANCE COMPANY, SOUTHERN FIDELITY INSURANCE COMPANY, and LOUISIANA INSURANCE GUARANTY ASSOCIATION

Judgment Rendered: _____NOV 2 0 2024_____

\* \* \* \* \*

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C-727250, Sec. 24

The Honorable Donald R. Johnson, Judge Presiding

\* \* \* \* \*

Stephanie B. Laborde
Benjamin M. Chapman
Quinn K. Brown
Baton Rouge, LA

Attorneys for Defendant/Appellant
Louisiana Insurance Guaranty
Association

Harry E. Cantrell, Jr.
New Orleans, LA

Attorney for Plaintiffs/Appellees
Mary Morris and Shawndreka
Washington

\* \* \* \* \*

BEFORE: GUIDRY, C.J., PENZATO, AND STROMBERG, JJ.

---

[1] The plaintiffs incorrectly referred to State National Fire Insurance Company in the caption of their petition as State Fire National Insurance Company.

*Guidry, C.J. Concurs in the result.*

**STROMBERG, J.**

The appellant appeals and seeks writs from the amended judgment of the district court. For the reasons that follow, we find that we lack subject matter jurisdiction over the appeal of the amended judgment, but we have supervisory jurisdiction in this matter and deny the writ.

## FACTS AND PROCEDURAL HISTORY

On December 29, 2022, Dewayne and Janette Colston, Levene Harmon, Mary Morris, Randy and Carla Mingo, Shawndreka Washington, Sonna Clark, Jules Ambrose, and Tiowanna Garden[2] (the plaintiffs) filed a petition for damages. The petition named State National Fire Insurance Company, Access Home Insurance Company, Lighthouse Insurance Company, Southern Fidelity Insurance Company, and Louisiana Insurance Guaranty Association (LIGA) as defendants, as the plaintiffs' respective homeowners' insurers. The petition for damages stated ten sets of factual backgrounds and claims against those insurers, arising out of damages to the plaintiffs' homes due to Hurricane Laura and/or Hurricane Delta.

LIGA filed a declinatory exception raising the objection of *lis pendens*, a peremptory exception raising the objection of prescription, and a dilatory exception raising the objection of improper cumulation of parties and actions. With respect to the objection of improper cumulation, LIGA argued the plaintiffs' counsel attempted to bring eight separate petitions into one filed petition for damages and their claims should not be entertained, as none of the plaintiffs (other than those who were married) had any commonalities or shared causes of action. As such, LIGA asserted that each plaintiff should have his or her own petition for damages. As to all exceptions, LIGA asked the district court to dismiss the plaintiffs' claims with prejudice.

---
[2] We note that Tiowanna Garden is also referred to as Tiowanna Gayden in the suit record.

2

On March 27, 2023, the district court held a hearing on LIGA's objection of *lis pendens*, objection of prescription, and objection of improper cumulation, and heard arguments from counsel for the plaintiffs and LIGA. On April 21, 2023, the district court signed a judgment, stating, in pertinent part, as follows:

A. LIGA's Declinatory Exception of *Lis Pendens* is hereby **SUSTAINED** and all claims alleged by Plaintiffs, Randy Mingo, Carla Mingo, Dewayne Colston, and Jeanette Colston; against Defendants, LIGA; State National Fire Insurance Company, in liquidation; and Access Home Insurance Company, in liquidation; are dismissed, without prejudice.

B. LIGA's Peremptory Exception of Prescription is hereby **OVERRULED** and all claims alleged by Plaintiffs, Levene Harmon, Sonna Clark, Jules Ambrose, and Tiowanna Gayden[3] against Defendants, LIGA; State National Fire Insurance Company, in liquidation; Access Home Insurance [Company], in liquidation; and Southern Fidelity Insurance Company, in liquidation are not dismissed;

C. LIGA's Dilatory Exception of Improper Cumulation of Actions and Parties as it relates to Mary Morris and Shawndreka Washington is **SUSTAINED**, without prejudice; if desired, these plaintiffs shall refile separate pleadings[.]

(Footnote added.)

Thereafter, on July 7, 2023, the plaintiffs' counsel filed an objection to the judgment, advising that the judgment did not "accurately reflect the ruling of the court nor the rights of the parties." On July 12, 2023, the plaintiffs' counsel filed a supplemental opposition to the judgment, pointing out that the district court's judgment granted the dilatory exception raising the objection of improper cumulation of actions and parties for the claims of Mary Morris and Shawndreka Washington, but these plaintiffs were given the option of refiling their claims against LIGA. The plaintiffs requested that the district court clarify the rights for Mary Morris and Shawndreka Washington.

---

[3] See footnote 2.

On November 9, 2023, the district court signed an amended judgment submitted by the plaintiffs, which stated, in pertinent part:

On April 21, 2023, this Honorable Court rendered a Judgment sustaining LIGA's Dilatory Exception of Improper Cumulation of Actions and Parties for claims brought by plaintiffs Mary Morris and Shawndreka Washington without prejudice, allowing them to refile pleadings if so desired; however, the Court did not rule on LIGA's Exception as it relates to [sic] claims brought by remaining plaintiffs, Levene Harmon, Sonna Clark, Jules Ambrose, and Tiowanna Garden.

Pursuant to La. C.C.P. article 1951, and having further considered the pleadings, memoranda, law, and oral arguments on the foregoing Dilatory Exception of Improper Cumulation of Actions and Parties, and after convening a Status Conference on October 31, 2023 with the parties, the Court, over objection of Defendant LIGA, amends its judgment as follows:

**IT IS ORDERED, ADJUDGED AND DECREED** that:

The Dilatory Exception of Improper Cumulation of Actions and Parties is hereby **SUSTAINED** against plaintiffs Mary Morris, Shawndreka Washington, Levene Harmon, Sonna Clark, Jules Ambrose, and Tiowanna Garden and in favor of Defendant Louisiana Insurance Guaranty Association ("LIGA"). All claims and actions brought by Plaintiffs Mary Morris, Shawndreka Washington, Levene Harmon, Sonna Clark, Jules Ambrose, and Tiowanna Garden against Defendant LIGA are hereby severed. The severed claims shall be maintained without prejudice.

Subsequently, LIGA suspensively appealed the November 9, 2023 amended judgment and applied for supervisory writs with this court. On February 16, 2024, this court referred the writ application to the panel to which the yet-to-be-lodged appeal was assigned. After the appeal was lodged with this court, on April 10, 2024, LIGA filed in the district court a motion to supplement the record on appeal with the transcript of the status conference that occurred on October 31, 2023, as well as a letter from LIGA's counsel to the district court.[4] The district court

---

[4] The letter revealed that after the parties' October 31, 2023 status conference, LIGA's counsel requested that the district court issue an amended judgment as to LIGA's pending objection of improper cumulation of parties and actions as it relates to parties who were not at issue in this appeal. The letter further revealed that LIGA's position was that the exception of improper cumulation of parties and actions as to Mary Morris and Shawndreka Washington could only be

granted LIGA's motion on April 12, 2024. The transcript of the October 31, 2023, status conference revealed that the district court requested that the parties submit proposed amended judgments.

## DISCUSSION

On appeal, LIGA's sole assignment of error is that pursuant to La. C.C.P. art. 1951, the district court's November 9, 2023 amended judgment as it relates to the claims brought by Mary Morris and Shawndreka Washington should be vacated and the judgment issued on April 21, 2023 should be reinstated. LIGA argues that the amended judgment violates La. C.C.P. art. 1951 because it substantively changes the district court's original judgment, and therefore, the amended judgment is an absolute nullity.

Appellate courts have the duty to determine *sua sponte* whether their subject matter jurisdiction exists, even when the parties do not raise the issue. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). This court's appellate jurisdiction extends to final judgments and to interlocutory judgments when expressly allowed by law. See La. C.C.P. art. 2083(A) and (C). A final judgment is one that determines the merits of a controversy in whole or in part; in contrast, an interlocutory judgment does not determine the merits but only preliminary matters in the course of an action. La. C.C.P. art. 1841. **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046. Additionally, a final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court dismisses the suit as to less than all of the parties. See La. C.C.P. art. 1915(A)(1). However, when a court renders a partial judgment, the

amended to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation.

5

judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay. See La. C.C.P. art. 1915(B)(1). In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. La. C.C.P. art. 1915(B)(2).

In this case, the November 9, 2023 amended judgment provides:

> The Dilatory Exception of Improper Cumulation of Actions and Parties is hereby **SUSTAINED** against plaintiffs Mary Morris, Shawndreka Washington, Levene Harmon, Sonna Clark, Jules Ambrose, and Tiowanna Garden and in favor of Defendant Louisiana Insurance Guaranty Association ("LIGA"). All claims and actions brought by Plaintiffs Mary Morris, Shawndreka Washington, Levene Harmon, Sonna Clark, Jules Ambrose, and Tiowanna Garden against Defendant LIGA are hereby severed. The severed claims shall be maintained without prejudice.

The amended judgment sustains the dilatory exception raising the objection of improper cumulation as to the plaintiffs' claims against LIGA, but it does not dismiss their action. It severs the plaintiffs' claims and "maintained them without prejudice." The amended judgment is not determinative of the entirety of the merits of the claims between the parties. Furthermore, it does not fall into any of the categories of partial final judgments set forth in La. C.C.P. art. 1915(A) and does not contain a designation that it is final for purposes of immediate appeal pursuant to La. C.C.P. art. 1915(B)(1).

While these factors would seem to indicate that the amended judgment is not final, we must consider the Code of Civil Procedure articles pertaining to the dilatory exception raising the objection of improper cumulation. Louisiana Code of Civil Procedure article 464 concerning the effect of improper cumulation states:

6

> When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed.
>
> When the cumulation is improper for any other reason, the court may: (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. The penalty for noncompliance with an order to amend is a dismissal of plaintiff's suit.

The proper action in such a circumstance is to order separate trials of the two actions or allow the plaintiffs to amend the petition to delete one of the actions. La. C.C.P. art. 464. Even if cumulation is improper, the proper action is not to order dismissal of one of the actions. See **First Guaranty Bank v. Carter**, 563 So.2d 1240, 1244 (La. App. 1 Cir. 1990). Louisiana Code of Civil Procedure article 933(B) concerning the effect of sustaining the dilatory exception states that when the grounds of the objection other than want of amicable demand or prematurity pleaded in the dilatory exception may be removed by amendment of the petition or other action of the plaintiff, the judgment sustaining the exception "shall order plaintiff to remove them within the delay allowed by the court." The action, claim, demand, issue, or theory subject to the exception "shall be dismissed only for a noncompliance with this order." La. C.C.P. art. 933(B).

This court has held that a district court's granting of a dilatory exception raising the objection of improper cumulation is a final judgment subject to a manifest error standard of review. **Alost v. Lawler**, 2018-1271 (La. App. 1 Cir. 5/8/19), 277 So.3d 329, 334; **Alonzo v. Cain**, 2014-0172 (La. App. 1 Cir. 9/19/14), 154 So.3d 551, 553, writ denied, 2014-2165 (La. 12/8/14), 153 So.3d 445. However, in **Alost** and **Alonzo**, the judgments at issue dismissed various plaintiffs from the suit. See **Alost**, 277 So.3d at 333; **Alonzo**, 154 So.3d at 552. Considering those cases in conjunction with La. C.C.P. arts. 464 and 933, a district court's judgment sustaining the dilatory exception raising the objection of

7

improper cumulation is reviewable on appeal when the plaintiff's suit is dismissed for the failure to comply with the order to amend the petition or engage in other action to remove the grounds of the objection. As the Louisiana Supreme Court said in **People of Living God v. Chantilly Corp.**, 251 La. 943, 207 So.2d 752, 754 (1968), while the dismissal of the plaintiff's suit on the basis of improper cumulation is not final in the sense that it disposes of the merits of the controversy, it is final and determinative of the issue of whether or not plaintiff may cumulate its two demands in one suit.

In this case, the amended judgment did not dismiss any parties from the suit due to the plaintiffs' failure to amend their petition. Moreover, the court ordered the plaintiffs' claims severed, but it is not clear if the plaintiffs were to amend their petition to accomplish this or, if by use of the term "severed," the district court intended to dismiss those plaintiffs from the suit. The amended judgment in this suit is not a final, appealable judgment. We lack subject matter jurisdiction over the appeal in this case.

LIGA also filed an application for supervisory writs from the district court's amended judgment. As it urged in its appeal, LIGA challenged the amended judgment in its writ on the basis that the district court improperly amended the original judgment. Louisiana Code of Civil Procedure article 1951 provides:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received. A final judgment may not be amended under this Article to change its substance.

A final judgment may be amended by the district court where the resulting judgment takes nothing from or adds nothing to the original judgment; however, an

8

amendment to a judgment which adds to, subtracts from, or in any way affects the substance of the final judgment, is considered a substantive amendment. **Benoit v. Benoit**, 2021-0864 (La. App. 1 Cir. 4/4/22), 341 So.3d 719, 730, <u>writ not considered</u>, 2022-00951 (La. 10/4/22), 347 So.3d 890. The only allowable procedures for making a substantive change to a final judgment are a contradictory motion for new trial filed by the parties or by the district court on its own motion pursuant to La. C.C.P. art. 1971; amendment by consent of the parties; or a timely appeal. **Harrell-Bijou v. Guarino**, 2023-0425 (La. App. 1 Cir. 11/16/23), 379 So.3d 698, 703 n.4. Otherwise, a district court lacks authority to make any modifications of substance to a final judgment. **Benoit**, 341 So.3d at 730. When the substance of a final judgment has been improperly amended, the amended judgment is annulled and set aside, and the original judgment is reinstated. **Id.**

In this case, the April 21, 2023 judgment sustained the dilatory exception raising the objection of improper cumulation of actions and parties as to Mary Morris and Shawndreka Washington without prejudice; however, their claims were not dismissed, as LIGA asserts. The judgment merely noted "if desired, these plaintiffs shall refile separate pleadings[.]" Because the judgment did not expressly dismiss the claims of Mary Morris and Shawndreka Washington and was not designated as final, it was interlocutory. An interlocutory judgment may be amended by the district court at any time prior to rendition of a final judgment adjudicating all the claims and the rights and liabilities of all the parties. <u>See</u> **Saizan v. Pointe Coupee Parish School Board**, 2010-0757 (La. App. 1 Cir. 10/29/10), 49 So.3d 559, 563, <u>writ denied</u>, 2010-2599 (La. 1/14/11), 52 So.3d 905. The only basis that LIGA raised in its writ application seeking to reverse the district court's judgment was identical to the issue raised on appeal, that is, the court's failure to comply with La. C.C.P. art. 1951; therefore, its contentions in its

9

writ application that the district court improperly amended the April 21, 2023 judgment have no merit. Accordingly, we deny the writ application.

## CONCLUSION

For the reasons stated above, we dismiss this appeal and deny the writ application filed by the appellant, Louisiana Insurance Guaranty Association. All costs of this appeal are assessed to the appellant, Louisiana Insurance Guaranty Association.

**WRIT APPLICATION DENIED; APPEAL DISMISSED.**