STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0536

DERRICK JEROME ALLEN

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: ___FEB 1 8 2025___

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 735121

The Honorable William Jorden, Judge Presiding

Derrick Jerome Allen
Angie, Louisiana

Plaintiff/Appellant *Pro Se*

Jonathan R. Vining
Baton Rouge, Louisiana

Counsel for Defendant/Appellee
Louisiana Department of Public
Safety and Corrections

BEFORE: WOLFE, MILLER, AND GREENE, JJ.

**MILLER, J.**

Derrick Jerome Allen appeals the district court's judgment dismissing, without prejudice, his petition for judicial review. For the following reasons, we amend the judgment and affirm as amended.

## FACTS AND PROCEDURAL HISTORY

On February 13, 2023, Allen was going through the intake process at Rayburn Correctional Center with a large amount of legal work, mail, and law books. Subsequently, on February 16, 2023, Allen submitted a complaint, assigned case number RCC-2023-136, alleging he was harassed during the intake process and was forced to throw away some of his personal property. Allen further alleged that he felt that the Louisiana Department of Safety and Corrections ("Department") may be retaliating against him. He requested to be sent back to Hunt Correctional Center; damages; and for an employee at Rayburn Correctional Center to be disciplined.

In response to Allen's allegations, three employees of Rayburn Correctional Center submitted statements. Captain Jordan stated Allen was not harassed or forced to throw away his legal work, mail, or materials and the intake inventories indicated Allen arrived with 20 stacks of legal materials. Further, Master Sergeants Crain and Marigotta stated neither of them harassed Allen, told him he had too much legal work, nor threw away his legal work.

On May 16, 2023, the Department issued a First Step Response Form. After considering Allen's complaint and the employees' statements, the Department found Allen's claim of retaliation was without merit and denied Allen's request for remedy. Allen indicated he was not satisfied with the Department's response and wished to proceed to Step Two. On July 12, 2023, the Department issued a Second Step Response Form, indicating Allen's allegations were considered, but his request for relief was denied because of the employees' statements and the

inventory sheet that indicated 20 stacks of legal work were inventoried. Further, the Department stated that Allen failed to provide any evidence to substantiate his allegations.

Allen filed a "Petition for Judicial Review" on July 27, 2023, seeking review of the Department's decision. Allen alleged the Department's decision was incorrect because it refused to review camera footage of the incident, which Allen contends would have shown he was forced to throw away some of his legal work. Allen requested the Department's decision be reversed, for the relief he originally requested to be granted, for the Department to stop harassing him and retaliating against him, and for the Department to pay court costs and fees associated with his suit. Thereafter, the Department filed an answer on November 6, 2023, wherein the Department denied Allen's claim that he was required to destroy legal materials upon his arrival to Rayburn Correctional Center.

On January 4, 2024, the Commissioner of the Nineteenth Judicial District Court ("19th JDC") issued its screening report.[1] The Commissioner stated that Allen requested an unspecified amount of damages in his initial complaint. The Commissioner explained that Allen must file his claim in Washington Parish where Rayburn Correctional Center is located and recommended the dismissal of Allen's suit because it was not filed in the proper mode or venue. Subsequently, on March 26, 2024, the district court signed a judgment dismissing Allen's petition for judicial review without prejudice at Allen's cost. Allen appealed, contending the district court erred in adopting the Commissioner's report.

---

[1] The office of the Commissioner of the 19th JDC was created by La. R.S. 13:711. The Commissioner hears and recommends disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5); Collins v. Louisiana Department of Public Safety and Corrections, 2020-0958 (La. App. 1st Cir. 4/16/21), 2021 WL 1438718, *1 n.2 (unpublished), writ denied, 2021-00706 (La. 10/12/21), 325 So. 3d 1067.

## DISCUSSION

The Corrections Administrative Remedy Procedure, set forth in La. R.S. 15:1171-1179, provides the Department may adopt an administrative remedy procedure for receiving, hearing, and disposing of any and all complaints and grievances by offenders against the state, the governor, the Department, or its employees. The adopted procedures are the exclusive remedy for handling the complaints and grievances to which they apply. La. R.S. 15:1171(B); see also Spikes v. Louisiana Department of Public Safety and Corrections, 2022-0504 (La. App. 1st Cir. 11/4/22), 354 So. 3d 84, 86-87. The rules and procedures promulgated by the Department are set forth in LAC 22:I.325. Pursuant to these rules, offenders must exhaust a two-step Administrative Remedy Procedure ("ARP") before they can proceed with a suit in state court. La. R.S. 15:1176; LAC 22:I.325(F)(3)(a)(viii); see also Spikes, 354 So. 3d at 87.

An offender aggrieved by an adverse decision rendered pursuant to any ARP can institute proceedings for judicial review by filing a petition for judicial review in the 19th JDC. See La. R.S. 15:1177(A). On review of the agency decision, the district court functions as an appellate court. Brown v. Louisiana Department of Public Safety and Corrections, 2015-1958 (La. App. 1st Cir. 9/19/16), 277 So. 3d 326, 329. The district court's review shall be confined to the record and limited to the issues presented in the petition for review and the ARP filed at the agency level. See La. R.S. 15:1177(A)(5).

On appellate review of a district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. As such, the *de novo* standard of review shall be applied. Colvin v. Louisiana Department of Public Safety and Corrections, 2023-1175 (La.

4

App. 1st Cir. 5/31/24), 2024 WL 2971242, *3 (unpublished), writ denied, 2024-00869 (La. 10/23/24), 395 So. 3d 250.

Allen alleges the district court erred in adopting the Commissioner's report, which dismissed Allen's petition for judicial review without prejudice. After a *de novo* review, we agree, in part, with Allen's assertion that the district court erred in adopting the Commissioner's report. While the district court was correct in its finding that Allen was required to file his claim for monetary damages as an ordinary suit in the Twenty-Second Judicial District Court ("22nd JDC") where Rayburn Correctional Center is located and in dismissing that portion of Allen's claim, the district court should not have dismissed the remainder of Allen's appeal.[2] The district court should have maintained and considered Allen's remaining claims regarding whether he was forced to throw away his legal papers and whether he was harassed and retaliated against during the intake process. See Barnes v. Louisiana Department of Public Safety and Corrections, 2024-0042 (La. App. 1st Cir. 9/20/24), ___ So. 3d ___, 2024 WL 4245564, *1, writ denied, 2024-01339 (La. 1/28/25), ___ So. 3d ___, 2025 WL 314036 ("the district court dismissed [the inmate's] claim for damages without prejudice, finding that it was improperly combined with a request for judicial review, filed in the wrong venue, and failed to state a cause of action").

To address Allen's remaining claims, the administrative record demonstrates Allen signed an inventory form indicating he kept 20 stacks of legal papers and 29 paperback books. Further, the statements from Captain Jordan and Master Sergeants Crain and Marigotta indicate that Allen was not harassed or forced to

---

[2] Tort claims must be filed separately as original civil actions. La. R.S. 15:1177(C); Foster v. Louisiana Department of Public Safety and Corrections, 2012-0358 (La. App. 1st Cir. 11/2/12), 111 So. 3d 81, 82. The exclusive venue for tort claims for injury or damages is the parish where the prison is situated to which the inmate was assigned when the cause of action arose. La. R.S. 15:1184(F). When an inmate files such a suit in an improper venue, the district court may raise the exception of improper venue on its own motion and dismiss the suit. La. R.S. 15:1184(B); Foster, 111 So. 3d at 82-83.

throw away any of his personal property while going through the intake process. Additionally, nothing in the record suggests that Allen was treated differently than other prisoners or retaliated against by the Department. This court's review is limited to the administrative record and the petition for judicial review. The burden of proof in any civil administrative appeal is with the petitioner. See Covington v. Vannoy, 2019-1518 (La. App. 1st Cir. 8/3/20), 310 So. 3d 206, 211. The administrative record and the petition for judicial review contain conflicting assertions by Allen and the Department, and Allen fails to show the Department's decision in RCC-2023-136 was arbitrary, capricious, manifestly erroneous, or that it was in violation of his statutory or constitutional rights. Based on our thorough review of the administrative record, we conclude the documentary evidence does not support Allen's claims. Therefore, Allen's claim for damages is dismissed because it was filed in the improper mode for trial and in an improper venue, and Allen's remaining claims are dismissed because the Department's decision was neither arbitrary or capricious, nor manifestly erroneous.

**CONCLUSION**

For these reasons, the portion of the March 26, 2024 judgment that states "IT IS ORDERED, ADJUDGED AND DECREED that this appeal of ARP No. RCC-2023-136, seeking an unspecified amount of damages be and the same is hereby dismissed without prejudice at Petitioner's costs because it is filed in the improper mode for trial and in an improper venue" is amended to state:

> IT IS ORDERED, ADJUDGED AND DECREED that the Petitioner's claim for damages is dismissed without prejudice.

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment is rendered affirming the Department's decision in ARP No. RCC-2023-136, dismissing this appeal, with prejudice, at the Petitioner's cost.

Costs of this appeal are assessed against Derrick Jerome Allen.[3]

**AMENDED AND AFFIRMED AS AMENDED.**

---

[3] Although Allen filed his petition for judicial review *in forma pauperis*, because he was unsuccessful in obtaining the relief sought, costs may be assessed against him. Taplette v. Louisiana Department of Public Safety and Corrections, 2020-0818 (La. App. 1st Cir. 2/22/21), 321 So. 3d 425, 430 n.9.